IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SOLOMON LaDANIEL HENDERSON,    )
                              )
        Plaintiff,            )
                              )
v.                            )    CASE NO. 1:23-CV-116-ECM-KFP
                              )
SHERIFF TONY HELMS, et al.,   )
                              )
        Defendants.           )

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Pro se Plaintiff Solomon Henderson filed this 42 U.S.C. § 1983 action on February 28, 2023. Copies of two previous Orders entered by the Court (Docs. 4, 5) and mailed to Plaintiff by the Clerk were returned by the postal service as undeliverable on March 31. Accordingly, on April 3 the undersigned entered an Order (Doc. 7) giving Plaintiff until April 17 to provide the Court with his current address or show cause why this case should not be dismissed for failure to prosecute. The Order also warned Plaintiff that a failure to comply would result in a recommendation of dismissal. On April 13, Plaintiff's copy of this Order was returned as undeliverable.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash*

*R.R. Co*., 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, by **May 10, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 26th day of April, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE